PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HONORIO GONZÁLEZ, Defendant and Appellant.

No. 6163.   Argued June 5, 1936.—Decided June 12, 1936.

*Buenaventura Esteves* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant was charged with violation of Section 553 of the Penal Code, in that he kept open to the public a commercial establishment for the retail sale of groceries, exhibiting for sale provisions and merchandise of several kinds, on September 2, 1935, Labor Day, which is a legal holiday. He was convicted by the Municipal Court, and appealed to the District Court of Aguadilla.

On the day set for the trial of the case, the defendant appeared in person and without counsel and announced that he was ready for trial. The trial was held, the court found him guilty and sentenced him to pay a fine of one dollar and costs. The present appeal has been taken from that judgment.

From the transcript of the evidence it appears that at the trial, upon the reading of the complaint, the defendant

alleged that he had an attorney and requested the continuance of the trial until his attorney should appear. The court denied the motion for a continuance and proceeded to hear the evidence.

The only evidence for the prosecution was the testimony of the informing policeman who testified that about 2:30 o'clock in the afternoon of Labor Day, the defendant had his commercial establishment, for the retail sale of groceries and a café, open to the public; that the defendant was exhibiting there small wares and foodstuffs; that at that moment there were quite a few persons inside the establishment and that he saw transactions being carried out. The defendant availed himself of the right to cross-examine the witness and the latter ratified everything that he had said when questioned by the district attorney. The defendant offered no evidence.

After the court had rendered judgment, Attorney Buenaventura Esteves appeared and alleged that he was the attorney for the defendant, and said: that he was ignorant of·the date set for the hearing of the case; that in spite of the fact that he had announced in open court that he was the attorney for the defense and that he had signed the notice of appeal, the trial was held in his absence, thus depriving the defendant of his right to be represented by counsel and depriving him of due process of law; that defendant has been convicted on the sole testimony of the informant, in violation of the Organic Act of Puerto Rico; that the attorney arrived at the court at 9:30 A.M. and found that the trial had already been held; that the defendant had a good defense on the merits of the case; and ended by requesting that the judgment rendered be set aside and that a new day and hour be set for the trial.

The court stated for the record that the defendant was summoned by the marshal four days before the one set for trial; that he was summoned to appear at 9 o'clock in the morning; that the case was not called until 10:15 A.M.; that

upon being questioned as to whether he had witnesses he answered he had some in San Sebastián and that he had an attorney, but he did not tell his name. And in view of those facts the court denied the motion, to which the defense excepted.

In his brief the appellant assigns the following errors:

"*First:* The District Court committed manifest error and acted with bias, prejudice and partiality in holding the trial of this case, denying to the defendant his right to be represented by counsel, thus violating Section 11, subdivisions 2 and 3 of the Code of Criminal Procedure and denying a constitutional right of the defendant.

"*Second:* The District Court committed manifest error and acted with bias, prejudice and partiality in finding the defendant guilty on the sole testimony of the policeman.

"*Third:* The District Court committed manifest error and acted with bias, prejudice and partiality in refusing to vacate the judgment and to reopen the case in order to give the defendant an opportunity to defend himself with counsel and witnesses.

"*Fourth:* The information does not contain sufficient facts to constitute a violation of Section 553 of the Penal Code; for which reason the judgment is contrary to the law and the facts."

The first three errors alleged are completely lacking in merit and an extensive argument is not necessary to justify their dismissal. It is undeniable that every person accused has a right to be represented by counsel at the trial and that the courts should not deprive any defendant of that right. The record does not show that there was any such deprivation in this case. The defendant was notified in time of the day and hour when he should appear before the Court, and it was incumbent upon him to appear with his attorney and witnesses. The courts are not obliged to alter their calendars or the order of their affairs to suit the convenience or the whims of the parties. It is the parties who, when properly notified, must appear before the court on the day and hour set and wait for their turn to be heard. To hold the contrary would be to introduce chaos and anarchy in the courts and to make the ordered administration of jus-

tice impossible. If the defendant in the instant case had to go to trial without the assistance of his counsel the fault was his and not the court's. The latter committed no error in holding the trial without awaiting the arrival of the attorney.

The fourth error refers to the sufficiency of the complaint.

Section 553 of the Penal Code, as amended by Act No. 18, of 1925 (Session Laws, p. 136), reads as follows:

"Sec. 553.—That all day Sundays, except when the 24th of December and the 1st. and 5th of January fall on Sunday; on the first Monday in September (Labor Day) and the 4th of July; on all legal holidays from 12 A. M.; on all working days from 6 P. M., and on the 24th and 31st days of December, and the 5th day of January of each year, from 10 P. M., commercial and industrial establisments shall remain closed to the public; and oné hour after closing, no work of any kind shall be permitted the employees of said establishments, except those stated below: . . ."

The complaint conforms substantially to the statute and alleges that the defendant "had open to the public a commercial establishment for the retail sale of groceries, exhibiting for sale such things as codfish, lard, salt pork, ham, rice and others, on September 2, 1935, which was Labor Day, which is a legal holiday."

The appellant argues that the complaint should have alleged "that the defendant executed commercial transactions in violation of Section 533 of the Penal Code," and since such an allegation was not made it should be considered insufficient.

The question which we are discussing has already been decided by this Court in the case of *People* v. *Hernández*, 36 P.R.R. 771, in which it was said:

"A complaint under Section 553 of the Penal Code as amended in 1925, charging the defendant with keeping his establishment with 'all doors open to the public' during the days and hours set forth in such Section, is sufficient without the necessity of alleging that any business was done."

We are of the opinion that the complaint and the evidence are amply sufficient to sustain the judgment appealed from, which should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.